```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND


BRENDA ROBERTS,
     Plaintiff                 :

                                     CIVIL ACTION NO.: WDQ-06-2305
     v.                        :

GENESIS HEALTHCARE CORP.       :
     Defendant
                               :
                      ...oOo...
```

### REPORT AND RECOMMENDATION

This case has been referred to me to review the default judgment entered against Defendant and to make recommendations regarding damages. (Paper No. 7). Currently pending before me are Defendant's motion to vacate the default judgment (Paper No. 12), Plaintiff's response in opposition (Paper No. 17), and Defendant's reply (Paper No. 18). For the reasons stated herein, I recommend that Defendant's motion to vacate be GRANTED and the default judgment entered on October 26, 2006 be VACATED.

A default judgment was entered rather quickly in this case. Plaintiff filed her complaint in this action on June 6, 2006. Paper No. 1. The return indicates that the complaint was served on September 25, 2006. Paper No. 4. Under Rules 6 and 12 of the Federal Rules of Civil Procedure, Defendant's answer would have been due on October 16, 2006. When no answer was filed by that date, Plaintiff filed a motion for default on October 19, 2006 (Paper No. 5), just three days later. Default was entered within

a week. Paper No. 6.  Thus, default was entered approximately one month after the date of service of the complaint, as reflected in the return of service filed by the Plaintiff. Paper No. 4.

Defendant now moves to vacate the default judgment under Rule 55(c) of the Federal Rules of Civil Procedure. Defendant claims that, contrary to Plaintiff's representation regarding the date that the complaint was served, it did not receive service of process until November 3, 2006, which explains why it filed a motion to dismiss under Rule 12(b)(6) on November 22, 2006. Paper No. 8. Defendant further claims that it did not receive the order of default entered by the Court, and therefore was unaware of its obligation to file a motion to vacate the default until ordered to do so by the Court on December 4, 2006. Paper No. 10.

In support of its motion to vacate Defendant has produced the affidavit of Eliam Remmer, an employee of Defendant's resident agent, which claims that the complaint was served on November 3, 2006. Def.'s Mot. Ex. 1. Defendant also has provided documentary evidence authenticated by Mr. Remmer to that effect, Def.'s Mot. Ex. A, as well as other records from its resident agent indicating that service was received on November 3rd.[1]

In response, Plaintiff points to the return filed by its process server on September 25, 2006, which indicates that Mr.

---

[1]These documents were produced in response to a Rule 45 subpoena issued by Plaintiff in December. Def.'s Reply at 2.

Remmer was served on that date. Paper No. 4. Plaintiff also produced evidence that the Baltimore City Sheriff effectuated service of the complaint on November 2, 2006. Pl.'s Resp. Ex. 1. Plaintiff denies that it requested that the Sheriff's Office serve the complaint, and argues that this Court should infer misconduct on the part of the Defendant based on the fact that the Sheriff received a copy of the complaint. Based on these discrepant facts regarding service of process in this case, Plaintiff sought discovery to determine how the complaint wound up in the hands of the Sheriff, which I denied during a telephone conference with the parties on January 8, 2007. *See* Paper No. 16.

Where possible, Federal Courts favor the resolution of disputes on their merits, rather than on procedural grounds. *Cf. Foman v. Davis*, 371 U.S. 178, 181-182 (1962)(observing, in the context of Rule 15, that "it is ... entirely contrary to the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities.") Default judgment is a drastic measure because it prevents the court from doing just that. Accordingly, Rule 55(c) permits a court to set aside a default "for good cause shown," a decision which "is a matter largely within the discretion of the trial judge." FED. R. CIV. P. 55(c); *Payne ex. rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204-205 (4th Cir. 2006). Rule 55(c) therefore must be "liberally construed in order to provide relief from the onerous

3

consequences of defaults and defaults judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)(citations omitted).

In *Payne*, the Fourth Circuit restated the six factors that a trial court should consider when determining whether a defendant has shown "good cause" to vacate a default judgment. They are, (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic." 439 F.3d at 204-205.

Although there was admittedly some confusion regarding the service of the complaint in this case, including the still mysterious delivery of a summons and complaint to the Baltimore City Sheriff, I nonetheless conclude that there has been good cause shown to vacate the default judgment. First, as I stated during the January 8, 2007 telephone conference with the parties, there is no reason to believe that the Defendant is at fault for the confusion regarding service in this case. At most, the affidavits on record point to negligence on the part of Defendant's resident agent, which would not be sufficient cause to deny the motion. In *Lolatchy*, the Fourth Circuit observed,

> justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings.

4

816 F.2d at 953; quoting *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). The same surely holds true for errors made by a party's resident agent. Finally, no reasonable person could conclude, as Plaintiff implies, that the Defendant anonymously sent a copy of the complaint and summons to the Sheriff in a purposeful effort to elude service or escape the consequences of its default in this case.

Other factors favor an order vacating the default entered in this case. For one, Defendant's motion to dismiss details several potentially meritorious defenses against Plaintiff's federal discrimination claims that would divest this Court of jurisdiction over her remaining state law claims if granted. Further, Defendant responded promptly to what it thought was proper service of the complaint on November 3, 2006, and has responded promptly to all subsequent orders of this Court.

Next, Plaintiff has provided no specific examples of how she would be prejudiced if the Court were to vacate the default judgment. The only foreseeable prejudice to her is that she may now be required to have her case tested on the merits. This is not a prejudice to her and, in fact, is just the opposite. Finally, having found that Defendant was not responsible for the confusion surrounding service, further sanctions are not required.

In sum, it is appropriate for this case to proceed on the

merits. For the foregoing reasons, I therefore recommend that, following the passage of the time in which the parties may file objections to this report and recommendation under Fed. R. Civ. P. 72(b) and Local Rule 301.5.b, that Judge Quarles: (1) enter an Order vacating the default judgment entered against Defendant; and (2) issue a scheduling order to govern further proceedings in this case. A proposed order is attached.

                                                  /S/ February 13, 2007
                                                  Paul W. Grimm
                                                  United States Magistrate Judge

kmw

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BRENDA ROBERTS,** | |
| **Plaintiff** | : |
| | |
| | **CIVIL ACTION NO.: WDQ-06-2305** |
| **v.** | : |
| | |
| **GENESIS HEALTHCARE CORP.** | : |
| **Defendant** | |
| | : |

...o0o...

### ORDER

The Court hereby adopts the Report and Recommendation made by United States Magistrate Judge Paul W. Grimm on February 13, 2007. For the reasons stated therein, it is, this ___ day of _____, 2007, ORDERED THAT:

1. Defendant's motion to vacate the default judgment entered against it BE, and HEREBY IS, GRANTED; and

2. The default judgment entered against Defendant on October 26, 2006 BE, and HEREBY IS, VACATED.

The Court shall issue a separate scheduling order that will govern further proceedings in this case.

```
      /s/
William D. Quarles, Jr.
United States District Judge
```