IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRENDA ROBERTS *

Plaintiff, *

v. * CIVIL NO.: WDQ-06-2305

GENESIS HEALTHCARE CORPORATION, *

Defendant. *

* * * * * * * * * * * * *

MEMORANDUM OPINION

Brenda Roberts has sued Genesis HealthCare Corporation ("Genesis") for: (Count I) race-based discrimination under Title VII of the Civil Rights Act of 1964,[1] as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; (Count II) age-based discrimination under the Age Discrimination in Employment Act of 1967,[2] as amended (the "ADEA"), 29 U.S.C. §§ 621-634; and (Count III) failure to pay for accrued vacation time in violation of the Maryland Wage Payment and Collection Law (the "MWPCL").[3] Pending is Genesis's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, summary judgment will be granted for Genesis.

---

[1] Pub. L. No. 88-352, 78 Stat. 253.

[2] Pub. L. No. 90-202, 81 Stat. 602.

[3] Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509.

I. Background

Genesis is a Pennsylvania corporation that operates more than 200 nursing centers and assisted-living communities in twelve eastern states, including the Salisbury Rehabilitation and Nursing Center at 200 Civic Avenue in Salisbury, Maryland (the "Center"). Compl. ¶ 2, 8.

Roberts is a 57-year-old African-American resident of Salisbury, Maryland. Def.'s Mot. Ex. C. (Charge of Discrimination). Roberts worked as a geriatric nursing assistant (a "GNA") at the Center for over 32 years. Compl. ¶ 8. Prior to the circumstances leading to her employment termination, Roberts had never been the subject of an adverse employment action during her tenure at the Center. *Id*.

On November 22, 2004, Genesis terminated Roberts for verbally abusing a Center resident on November 13, 2004. *Id*. ¶ 10, Ex. A (Genesis Corrective Action Notice). Roberts was also informed that she would not be paid for her accrued vacation time. *Id*. ¶ 18.

Roberts maintains that she did not commit the alleged misconduct, and alleges that the abused resident reported that the GNA who injured him was Caucasian. *Id*. ¶ 12, 15. Roberts alleges that the other GNA on her shift at the time of the incident, a younger Caucasian woman, was only briefly suspended without pay. *Id*. ¶ 19.

On January 7, 2006, Roberts filed an administrative complaint of race-based discrimination with the U.S. Equal Employment Opportunity Commission (the “EEOC”). Def.’s Mot. Ex. C.

The EEOC dismissed Robert’s charge and, on May 30, 2006, mailed her a letter notifying her of the dismissal and her right to sue Genesis under Title VII within 90 days of her receipt of the letter. Def.’s Mot. Ex. D (the “Right-to-Sue Letter”).

On September 6, 2006, Roberts filed her Complaint, which alleges that she received her Right-to-Sue Letter within 90 days of its being filed, but provides no date of receipt. Compl. ¶ 7.

## II. Discussion

Genesis argues that: (1) Roberts’s race- and age-based discrimination claims are time-barred for being filed over 90 days after her receipt of the Right-to-Sue Letter; (2) Roberts’s age-discrimination claim must be dismissed for failure to exhaust administrative remedies, as it was not included in her complaint to the EEOC; and (3) Roberts fails to state a claim for relief under the MWPCL because her accrued vacation time was not unpaid due compensation.

A. Standard of Review

Title VII prohibits an employer from discharging an employee because of her race. 42 U.S.C. § 2000e-2(a). The ADEA similarly prohibits discharge because of the employee's age. 29 U.S.C. § 623(a).

Title VII provides that if the EEOC dismisses a private employee's administrative charge of race-based employment discrimination, the employee is authorized to file a civil suit within 90 days from the receipt of the EEOC's letter notifying her of the dismissal and her right to sue her employer. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). The ADEA similarly provides for an employee to bring an age-based discrimination claim within 90 days from the date of receipt of the EEOC's right-to-sue letter. 29 U.S.C. § 626(e).

The 90-day filing requirements for suits under Title VII and the ADEA are akin to statutes of limitation, subject to the doctrines of waiver, estoppel, and equitable tolling, and are thus not jurisdictional prerequisites. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 n.3, (1983) (Title VII); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, n.11 (1982) (Title VII); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1011-12 (4th Cir. 1983) (applying the non-jurisdictional interpretation of Title VII procedural requirements in *Zipes* to the ADEA).

Accordingly, a motion to dismiss for an employment-

discrimination plaintiff's failure to meet the 90-day suit-filing requirement is one for failure to state a claim upon which relief can be granted, governed by Federal Rule of Civil Procedure ("Rule") 12(b)(6), which must be converted to one for summary judgment under Rule 56 if matters outside the pleadings are considered. Fed. R. Civ. P. 12(b).

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Only "facts that might affect the outcome of the suit under the governing law" are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252. The court must also view any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257. The mere existence of a "scintilla" of evidence is insufficient. *Id*. at 252. If the nonmoving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

B. Analysis

1. Timeliness of Title VII and ADEA Complaints

Although it is evident that Roberts did not include an age-based discrimination claim in her Charge of Discrimination filed with the EEOC (Def.'s Mot. Ex. C.), she argues that because her age-based claim would naturally have arisen from the investigation of her EEOC complaint, she may bring that claim in this action. Were the Court to accept such an argument, Robert's ADEA claim, like her Title VII claim, would remain subject to the statutory filing deadline.

Genesis has not waived its right to assert the 90-day filing deadline as a defense to Roberts's Title VII and ADEA claims, and Roberts has made no argument for equitable tolling, thus the

required statutory filing period under 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. 626(e) must be satisfied for her Title VII and ADEA claims to withstand summary judgment.

a. Determining the Statutory Period

In determining when the 90-day filing period should begin to run, the Fourth Circuit has rejected an "actual receipt" rule, which would only begin the period when the claimant actually receives the letter, and has instead favored "a flexible rule which requires a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir. 1987). In cases where the actual date of receipt is confirmed by evidence, that date has governed. *E.g., Dixon v. Digital Equipment Corp.,* 976 F.2d 725, 1992 WL 245867, *1 (4th Cir. 1992) (unpublished opinion). When the date of receipt is unknown or in dispute, the court presumes that service by regular mail is received within three days under Rule 6(e). *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148, n.1 (1984); *Nguyen v. Innova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, *3 (4th Cir. 1999 (unpublished opinion) (*citing Brown* 466 U.S. at 148, n.1).

The Right-to-Sue Letter states that it was mailed on May 30, 2006, thus the presumed date of receipt is June 2. Def.'s Mot.

Ex. D. For Roberts's September 6 Complaint to have met the statutory filing deadline, she must have received the EEOC's Right-to-Sue Letter on or after June 8. Although there is no mention of the date of receipt in the Complaint, Roberts's opposition memorandum alleges that she did not receive the Right-to-Sue Letter "until the earliest June 8, 2006." Pl.'s Opp'n 3. Roberts's affidavit filed with the opposition memorandum on March 24, 2007 does not confirm this allegation, but a supplemental affidavit by Roberts, filed March 28 (Paper No. 22, the "Supplemental Affidavit"), contains an additional paragraph in which she states that she received the Right-to-Sue Letter "on June 8 or 9, 2006." Supp. Aff. ¶ 8.

Genesis, in its Reply, objects to the Supplemental Affidavit for its untimeliness and improper format and argues that it should be stricken and not considered by the Court.

b. The Supplemental Affidavit

A district court has discretion to consider a late affidavit. *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993). Rule 6(b) allows the court to enlarge time periods after a deadline has passed for "cause shown" and "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

Roberts's response in opposition to Genesis's motion was due March 23, 2006. The Supplemental Affidavit was filed five days

later without a motion for an enlargement of time, and Roberts offers no excuse for her delay.

Generally, "unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi*, 999 F.2d at 92. However, 28 U.S.C. § 1746 provides an unsworn statement with "like force and effect" to a sworn affidavit if such a statement is certified by the declarant "as true under penalty of perjury, and dated." 28 U.S.C. § 1746.

Roberts's Supplemental Affidavit merely certifies "THAT THE ALLEGATIONS IN THE FOREGOING AFFIDAVIT ARE TRUE AND ACCURATE TO THE BEST OF [her] KNOWLEDGE, INFORMATION, AND BELIEF." Supp. Aff. 2. Roberts does not submit herself to the penalty of perjury, nor does she provide a date of execution. Although the Court has "no desire to make technical minefield of summary judgment proceedings," it will not "countenance laxness in the proper and timely presentation of proof." *Orsi*, 999 F.2d at 92. As the Supplemental Affidavit was untimely filed without excuse and fails to meet the evidentiary standard for opposing summary judgment, it will not be considered by the Court.

As there is no evidence of the actual date of receipt, the Court will apply Rule 6(e) and presume the Right-to-Sue Letter was received by Roberts on June 2, 2006. *Brown,* 466 U.S. at 148, n.1. Roberts claims under Title VII and the ADEA are thus untimely, and judgment will be granted accordingly for Genesis on

Counts I and II.

2. Violation of the MWPCL

The MWPCL requires an employer to pay an employee "all wages due for work that the employee performed before the termination of employment." Md. Code Ann., Lab. & Empl. § 3-505. The MWPCL defines "wage" as "all compensation that is due to an employee for employment," to include bonuses, commissions, fringe benefits or "any other remuneration promised for service." Md. Code Ann., Lab. & Empl. § 3-501(c).

Genesis argues that, under its written policy governing employee benefits, an employee terminated for misconduct is not eligible for payment for accrued vacation time, and so there are no wages due to Roberts to justify an action under the MWPCL.

Genesis's Employee Handbook provides that "employees who accrue vacation and have available but unused vacation time . . . will be paid for such time" if they either resign or are "terminated by the company for reasons other than 'for misconduct.'" Def.'s Mot. Ex. A at 22.

Roberts contends that Genesis's vacation pay policy would only apply to valid discharges for misconduct, but she has produced no evidence to challenge the truth of the alleged misconduct that caused her termination. Roberts thus fails to show that payment for her accrued vacation time is due and,

consequently, fails to raise a genuine issue of fact for an essential element of her claim under the MWPCL. Accordingly, summary judgment will be granted for Genesis on Count III.

## III. Conclusion

For the reasons stated above, summary judgment will be granted for Genesis.

April 23, 2007
Date

/s/
William D. Quarles, Jr.
United States District Judge