IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| BRENDA ROBERTS, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-06-2305 |
| GENESIS HEALTHCARE CORPORATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Brenda Roberts has sued Genesis HealthCare Corporation ("Genesis") for race-based discrimination under Title VII of the Civil Rights Act of 1964,[1] as amended ("Title VII"), age-based discrimination under the Age Discrimination in Employment Act of 1967,[2] as amended (the "ADEA"), and failure to pay for accrued vacation time in violation of the Maryland Wage Payment and Collection Law (the "MWPCL").[3]  Pending is Roberts's motion for reconsideration of the Court's April 23, 2007 Order granting summary judgment for Genesis (Paper No. 26, the "Order").  For

---

[1] Pub. L. No. 88-352, 78 Stat. 253; codified as 42 U.S.C. §§ 2000e to 2000e-17.

[2] Pub. L. No. 90-202, 81 Stat. 602; codified as 29 U.S.C. §§ 621-634.

[3] Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509.

1

the following reasons, the motion will be denied.

I.  Background

This case arises from Roberts's alleged discriminatory discharge by Genesis on November 22, 2004, the allegations of which are further described in the Court's April 23, 2007 Memorandum Opinion (Paper No. 25, the "Opinion").

On January 7, 2006, Roberts filed an administrative complaint of race-based discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC").  Def.'s Mot. to Dismiss (Paper No. 8) Ex. 1, Ex. C.

The EEOC dismissed Robert's charge and, on May 30, 2006, mailed her a letter notifying her of the dismissal and her right to sue Genesis under Title VII within 90 days of her receipt of the letter.  Def.'s Mot. to Dismiss Ex. 1, Ex. D (the "Right-to-Sue Letter").

On September 6, 2006, Roberts filed her Complaint, alleging that she received her Right-to-Sue Letter within 90 days of its being filed.  Compl. ¶ 7.

The summons was returned executed on September 25, and a responsive pleading was due by Genesis by October 16.  Paper No. 4.  On October 19, Roberts moved for default judgment (Paper No. 5); and, on October 26, the Clerk entered default on Genesis's

2

part for want of answer or defense. Paper No. 6.

On November 22, 2006, Genesis moved to dismiss the Complaint or, in the alternative, for summary judgment, arguing, *inter alia*, that (1) Roberts's race- and age-based discrimination claims were time-barred for being filed over 90 days after her receipt of the Right-to-Sue Letter, and (2) she failed to state a claim for relief under the MWCPL.

On December 7, Genesis moved to vacate the order of default; and, for the reasons stated in Magistrate Judge Grimm's Report and Recommendation (Paper No. 19), the Court vacated the order of default on March 6, 2007, and ordered Roberts to respond within 17 days from that date, *i.e.*, March 23, 2007. Paper No. 20.

On March 24, Roberts filed her response in opposition to Genesis's motion to dismiss or for summary judgment along with an unsworn affidavit. Paper No. 21.

On March 28, Roberts filed a second affidavit, identical to the first, but with an additional paragraph averring the receipt of her Right-to-Sue letter "on June 8 or 9, 2006." Paper No. 22 (the "Supplemental Affidavit") ¶ 8. Roberts never requested the Court's leave to enlarge her time to respond, nor provided any reasons for the Court to excuse her neglect under Federal Rule of Civil Procedure ("Rule") 6(b). The Supplemental Affidavit

was neither sworn nor declared under penalty of perjury under 28 U.S.C. § 1746.

On April 23, 2007, for reasons stated in the Opinion, the Court declined to consider the Supplemental Affidavit and granted summary judgment for Genesis.

II. Discussion

II.A. Standard of Review

As Robert's motion for reconsideration was filed within ten business days of the Court's April 23, 2007 Order, the Court will treat it as one to alter or amend judgment under Rule 59(e). *Small v. Hunt,* 98 F.3d 789, 797 (4th Cir. 1996).

Rule 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450 (1982) (quoting the Advisory Committee Note to the 1946 amendment of Rule 59). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *Id.* at 451.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted).  "Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Id.*

II.B.  Analysis

Roberts argues that the Court erred in applying the wrong standard of review for summary judgment and in not considering her Supplemental Affidavit as evidence in support of her claims. She further argues that the Court should vacate the judgment for Genesis to prevent manifest injustice.

II.B.1.  Clear Error

II.B.1.a.  Wrong Standard of Review

Roberts argues that when deciding a motion for summary judgment, "the allegations of the Complaint are to be taken as true."  This is not the standard for summary judgment, but for motions to dismiss for failure to state a claim.  *See Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

5

view the complaint in a light most favorable to the plaintiff.").

In considering a motion for summary judgment, the court is charged with viewing any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); but those facts must be established by evidence, not mere allegations in pleadings or memoranda submitted by counsel. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (a party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment"). Thus the Court committed no error in not considering Roberts's allegations in her Complaint and opposition memorandum as proof of a genuine issue of material fact for trial.

II.B.1.b. The Supplemental Affidavit

The Supplemental Affidavit was filed late without leave of the Court, and without regard to the law's evidentiary requirements under Rule 56(e) and 28 U.S.C. § 1746.

Roberts submits that the initial affidavit, submitted with her opposition, was submitted in error, which is excusable neglect. Such an argument could have been made in a request for

enlargement of time before the Court entered judgment, and thus may not be used now in a motion under Rule 59(e). *Hill*, 277 F.3d at 708.

Roberts's tardiness notwithstanding, her Supplemental Affidavit was neither sworn nor declared under penalty of perjury under 28 U.S.C. § 1746, and thus was not proper for consideration in opposition to Genesis's motion for summary judgment under Rule 56(e).

II.B.2.  Manifest Injustice

Roberts argues that the Court's judgment against her is a manifest injustice in light of the Court's prior orders vacating the order of default against Genesis and denying Robert's motion for additional discovery on the issue of Genesis's alleged misconduct in service of the Complaint (Papers No. 16, 20).

Roberts bore the burden of proving that the prerequisites of her statutory right to sue Genesis were satisfied. *Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 993 (E.D. Va. 1995); *Taylor v. Federal Express Corp.*, No. RDB-03-cv-195, 2004 WL 5231978, at *6 (D. Md. July 28, 2004), *aff'd*, 429 F.3d 461 (4th Cir. 2005), *cert. denied* 126 S. Ct. 2287 (2006).  To survive summary judgment, she needed to produce something more than an allegation to create a genuine issue of

7

whether she filed within the statutory deadline.  Whether because of a lack of evidence or diligence, she failed to do so, thus the judgment against her works no manifest injustice.  *See Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (dismissal that might have been avoided through due diligence not manifest injustice).

III. Conclusion

For the reasons stated above, Roberts's arguments fail to justify reconsideration of the Court's Order.  Accordingly, her motion will be denied.


| _June 25, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |